UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:

CRAIG STEIN,

 Plaintiff,

v.

LEE MEMORIAL HEALTH SYSTEM
d/b/a LEE HEALTH,
a Not-For-Profit Organization

 Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CRAIG STEIN ("Mr. Stein" or "Plaintiff") files this Complaint against Defendant LEE MEMORIAL HEALTH SYSTEM d/b/a LEE HEALTH ("Defendant" or "Lee Health"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action for interference and retaliation pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), and for disability discrimination and retaliation pursuant to Chapter 760 of the Florida Civil Rights Act ("FCRA"). Plaintiff seeks to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION, VENUE AND FMLA COVERAGE

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 *et seq.*

3. The Court also has supplemental jurisdiction over Plaintiff's FCRA claim, as it arises out of the same operative facts and circumstances as his FMLA claims.

4. At all times relevant hereto, Plaintiff was an employee of Defendant.

5. Plaintiff worked for Defendant in Lee County, Florida, and the venue, therefore, for this case is the Fort Myers Division of the Middle District of Florida.

6. Defendant is a not for profit organization that provides healthcare services in, among others, Lee County, Florida, and is therefore within the jurisdiction of the Court.

7. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

8. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

9. Plaintiff is a disabled male. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA because:

  a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of his disability or "perceived disability" by Defendant; and

  b. Plaintiff suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of his disability or "perceived disability."

10. Defendant was at all times an "employer" as envisioned by the FCRA.

## CONDITIONS PRECEDENT

11. On or around May 1, 2019, Plaintiff dual filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination against Defendant.

12. More than 180 days have passed since the filing of the Charge of Discrimination

13. Plaintiff timely files this action within the applicable period of limitations against Defendant.

14. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

15. Plaintiff worked as a Pharmacist for the Defendant from August 5, 1999, until his wrongful termination on August 8, 2018.

16. Mr. Stein worked without issue until July 29, 2018, when a fellow employee, Catalina Acosta ("Ms. Acosta"), publicly disclosed Mr. Stein's private medical information against his wishes, causing a chain reaction of events leading to his illegal termination.

17. A On that date, Mr. Stein was checking his messages and accidentally played a voicemail message aloud from his physician regarding a medical appointment for his serious medical condition/disability, Attention-Deficit/Hyperactivity Disorder ("ADHD").

18. Ms. Acosta, who was within earshot, immediately asked what kind of medication Mr. Stein was taking. Anxious and reluctant to answer such a private question,

Mr. Stein wrote down the medication on a piece of paper and showed it to Ms. Acosta, with the obvious intent that it be kept secret and not be uttered out loud.

19. Shockingly, Ms. Acosta then loudly informed every employee in the vicinity as to Mr. Stein's medical condition and the Adderall he was prescribed for same.

20. Ms. Acosta's egregious actions caused Mr. Stein to suffer from an extreme amount of embarrassment, stress, and anxiety, which impacted his ability to attend to his work duties at that time.

21. As such, Mr. Stein applied, and was approved for, continuous FMLA leave from July 31, 2018, through August 5, 2018, to attend to his serious medical condition and disability.

22. On August 6, 2018, the day Mr. Stein returned to work Mr. Stein's Supervisor, Larry Clark ("Mr. Clark"), called our client into a meeting with Human Resources.

23. However, the meeting was not to engage Mr. Stein in the "interactive process" to determine the existence of any medical limitations and/or need for accommodation as the FCRA requires.

24. Instead, at the meeting, Mr. Clark unloaded a litany of false charges and accusations against Mr. Stein.

25. Ultimately, Mr. Clark presented Mr. Stein with an Employment Assistant Program document which outlined these various false charges.

26. One of the false charges Mr. Clark wanted Mr. Stein to sign off on was that he was under Ritalin medication.

27. Mr. Stein explained his medical prescription was for Adderall and refused to sign any documentation confirming the false charges.

28. Lee Health gave Mr. Stein two choices: either sign a fraudulent document detailing false allegations and ruining his professional reputation or be fired.

29. At this time, Mr. Stein objected that the above-stated actions constituted discrimination.

30. Mr. Stein's objections to disability discrimination are protected by the FCRA.

31. Outraged at this retaliatory and manipulating tactic, Mr. Stein refused to sign the document and was terminated effective August 8, 2018.

32. Defendant's termination of Mr. Stein stemmed from its discriminatory animus toward his need for and/or use of FMLA leave and need for accommodation under the FCRA.

33. The timing of his termination makes the causal connection between his use of FMLA, his need for reasonable accommodations under the FCRA, and his termination sufficiently clear.

34. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

35. Also, as a result of the foregoing, Defendant retaliated against Plaintiff for utilizing proper and authorized FMLA leave.

36. Any other reason given for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation.

37. Defendant did not have a good faith basis for its actions.

38. Defendant's actions are the exact type of unfair and retaliatory employment practices the FCRA and FMLA were intended to prevent.

39. Additionally, the facts surrounding Plaintiff's termination also create a strong inference of disability discrimination/retaliation in violation of the FCRA.

40. The Defendant was aware of Plaintiff's FCRA-protected disability.

41. Defendant, however, being well-aware of Plaintiff's condition, discriminated against Plaintiff for taking a short-term leave of absence to seek treatment for his disability.

42. In short, despite the fact that Mr. Stein would not be prevented by his disability to any degree in performing the duties, Defendant discriminated against Mr. Stein based solely upon his disability.

43. Mr. Stein is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of his job as a Pharmacist.

44. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the FCRA.

45. At all material times hereto, Plaintiff was ready, willing and able to perform his job duties and otherwise qualified for his position, with "reasonable accommodation."

46. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with reasonable accommodation.

47. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

48. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

49. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the FCRA.

50. Defendant does not have a non-discriminatory, legitimate rationale for terminating Plaintiff's employment.

51. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment. Therefore, he is the member of protected classes as envisioned by the FCRA.

52. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimate termination, because of his disability and/or "perceived disability."

53. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

54. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I:
## UNLAWFUL INTERFERENCE UNDER THE FMLA

55. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-2, 4-8, 15-222, 24-28, 31-38, 41 and 53-54 above.

56. At all times relevant hereto, Plaintiff was protected by the FMLA.

57. At all times relevant hereto, Defendant interfered with Plaintiff by terminating his employment immediately after Plaintiff exercised his FMLA rights disallowing any further use of FMLA leave.

58. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

59. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

60. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands that this court will issue a declaratory judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II:
## UNLAWFUL RETALIATION UNDER THE FMLA

61. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-2, 4-8, 15-222, 24-28, 31-38, 41 and 53-54 above.

62. At all times relevant hereto, Plaintiff was protected by the FMLA.

63. At all times relevant hereto, Defendant retaliated against Plaintiff by firing him for his use of FMLA protected leave.

64. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

65. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised his rights to take approved leave pursuant to the FMLA.

66. As a result of Defendant's intentional, willful and unlawful acts by retaliating against, Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

67. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

### COUNT III:
### DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT
### BASED ON DISABILITY

68. Plaintiff realleges and adopts the allegations contained in Paragraphs 1, 3-6, 9-33, 37-54 above.

69. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the Florida Civil Rights Act, Chapter 760, Florida Statutes.

70. The discrimination to which Plaintiff was subjected was based on his disability, or "perceived disability."

71. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

72. The conduct of Defendant was willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

73. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

74. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays that this Court will issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA; require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay; grant Plaintiff a judgment against Defendant for damages, including punitive damages; award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), Florida Statutes; and provide any additional relief that this Court deems just and appropriate.

## COUNT IV:
## UNLAWFUL RETALIATION UNDER FLORIDA CIVIL RIGHTS ACT

75. Plaintiff realleges and adopts the allegations contained in Paragraphs 1, 3-6, 9-33, 37-54 above.

76. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing disability discrimination under the FCRA.

77. The retaliation to which Plaintiff was subjected was based on his opposition to Defendant's illegal disability discrimination, and was willful.

78. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

79. Plaintiff is entitled to recover damages and attorneys' fees and costs reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

80.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff prays that this Court will issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA, require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not applicable or practical, through an award of front pay and/or promotion; grant Plaintiff a judgment against Defendant for damages, including punitive damages; award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to the FCRA; and provide any additional relief that this Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 27th day of July, 2020.

                                      Respectfully Submitted,

                                      **_/s/Noah E. Storch_**
                                      Noah E. Storch, Esq.
                                      Florida Bar No. 0085476
                                      RICHARD CELLER LEGAL, P.A.
                                      10368 W. SR 84, Suite 103
                                      Davie, Florida 33324
                                      Telephone: (866) 344-9243
                                      Facsimile: (954) 337-2771
                                      E-mail: noah@floridaovertimelawyer.com